**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LEONARD JANKOWSKI
on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DBi Services, LLC,

    Defendant.

Case No.: 21-_____ (___)

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Len Jankowski ("Plaintiff"), on behalf of himself and on behalf of a class of all or substantially all (former) employees similarly- situated to him ("Similarly Situated Employees"), hereby brings this Complaint against DBi Services, LLC (the "Defendant"). Plaintiff brings suit by and through his undersigned legal counsel. He alleges as follows:

**NATURE OF THE ACTION**

1. This is a class action for Plaintiff and the Similarly Situated Employees to recover, from the Defendant, damages equaling sixty (60) days' pay and ERISA benefits due to the Defendant violation of the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act"). The Plaintiff and the Similarly Situated Employees were employed by the Defendant until they were terminated as part of, or as a result of a plant closing and/or mass layoff - ordered by Defendant with essentially no notice - on or about October 22, 2021. The Defendant contravened the WARN Act in that it failed to give the Plaintiff and the Similarly Situated Employees at least sixty (60) days' advance written

notice of termination. Accordingly, the Plaintiff and Similarly Situated Employees are entitled to recover a judgment from the Court awarding them, and against the Defendant, their wages and ERISA benefits for 60 days, none of which has been paid to date.

2. Plaintiff also brings this action against Defendant on behalf of himself and the other similarly situated former employees seeking pay for accrued but unused vacation time, PTO time, and any other workplace-related obligations owed by Defendant to all employees in the proposed class.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

4. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

5. Upon information and belief, at all relevant times, Defendant operated a large physical facility, to which approximately 1,500 employees routinely would report (on information and belief), in Hazleton, PA at the following address: 100 N Conahan Drive, Hazleton, PA, 18201. This was the Defendant's corporate headquarters and its "World Headquarters", as identified on signs at the entrance to the building. According to published news reports from the weekend of the terminations, the building is now largely or entirely empty of workers.

6. Upon information and belief, at all relevant times, Defendant conducted various business operations out of various U.S. locations. According to its website, DBi Services is an asset management and infrastructure services company that provides a wide spectrum of services for government and private entities in 400+ cities/ counties across North America. As a leader in infrastructure operations and maintenance, our team of innovators provide

best in-class services to preserve infrastructure and ensure access to safe transit for the public.

7. Upon information and belief, the Defendant is owned in whole or in substantial part by a private equity fund, a venture capital firm, or some finance entity. It is no longer wholly owned by individuals Neal and Paul DeAngelo – according to press sources these two, brothers, sold the Defendant in/around 2016.

8. Plaintiff was employed by Defendant at the Hazleton facility for nearly 17 years, all or substantially all of it full-time, in various job titles and roles largely relating to computer technology issues, until his layoff without cause on or about October 22, 2021.

9. The Similarly Situated Employees were also employed by the Defendant as a single until their termination without cause on or about October 22, 2021, though of course the length of employment and job title/role will differ employee-by-employee. Regardless, they were all terminated when Defendants ordered a mass layoff and/or plant closing of the Hazleton facility.

10. Upon information and belief, and also based on contemporaneous press sources and statements from the Mayor of Hazleton, approximately 1,500 persons were employed at the Hazelton, PA, location, used it as their home base, received their assignments from that location, or used it as their reporting site, until their termination without cause as set out above. Also upon information and belief, Plaintiff believes the Defendant may have had – and terminated right along with him – approximately 1,300 or more other employees, not necessarily those employed full-time at the Hazleton location but in various U.S. locations where the Defendant had ongoing projects or business.

11. Upon information and belief, Defendant, as an employer, owned and operated the Hazleton facility until on or about October 22, 2021.

12. On or about October 22, 2021, and perhaps briefly before and thereafter, Defendant,

as an employer covered by the WARN Act, ordered the termination of the Plaintiff's employment, together with the termination of employment of all the Similarly Situated Employees. This included all or substantially all of the Defendant's employees nationwide or even worldwide, not just those who worked at or reported to the Hazleton facility, as part of a mass layoff and/or plant closing as defined by the WARN Act. For this, they were entitled to receive 60 days advance written notice under the WARN Act, which thus should have been delivered to the workers (and others required by law) in the 3rd week of August, 2021.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

13. The Plaintiff maintains this action on behalf of himself and on behalf of each of the Similarly Situated Employees, pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5).

14. Each of the Similarly Situated Employees is similarly situated to the Plaintiff in respect of his or her rights under the WARN Act.

15. Defendant was required by the WARN Act to give the Plaintiff and the Similarly Situated Employees at least 60 days' advance written notice prior to their terminations.

16. Prior to their terminations, neither the Plaintiff nor any of the Similarly Situated Employees received written notice that complied with the requirements of the WARN Act. In fact, upon information and belief, at approximately 12:00p.m. on October 22, 2021, Defendant sent a company-wide notification to schedule a meeting for 4:30p.m. that afternoon. Between 4:30p.m. and 4:37p.m. during that meeting, Plaintiff and the Similarly Situated Employees were verbally informed of their terminations.

17. Defendant has failed to pay the Plaintiff and the Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

18. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the Similarly Situated Employees who worked for the Defendant, and were terminated as part of - or as the reasonably foreseeable result of - the mass layoff and/or plant closing ordered by the Defendant, as an employer, on or about October 22, 2021 (this is the "Class").

19. There are so many people in the Class identified above ("Class Members") that joinder of all Class Members is impracticable; the class is numerous.

20. The Plaintiff's claims are typical of the claims of the Class Members.

21. Questions of fact and law are common to the Class Members, and these predominate over any such questions affecting only individual members.

22. The Plaintiff will fairly and adequately protect the interests of the Class.

23. The Plaintiff has retained counsel competent and experienced in complex employment litigation. The firm chosen has a large department focusing on labor and employment law, fully staffed with multiple experienced partners, associates, a paralegal team, and ample administrative support. The firm has represented many major figures (persons, companies, entities, and classes) in the area of labor and employment for many years in Pennsylvania, New Jersey, Delaware, and when appropriate elsewhere.

24. In this instances, proceeding via class action is likely superior to other available methods to fairly and efficiently adjudicate this controversy. For WARN Act litigation, many/most individual Plaintiffs / Class Members may lack the money or the other necessary resources to thoroughly and timely prosecute a lawsuit in federal court against a large corporate defendant. This is certainly the case here.

25. Questions of law and fact are indeed common to the Class Members here, and these predominate over any questions solely affecting individual members of the Class. These include, but are not limited to:

> (a) Whether the Class Members were employees of the Defendant who worked at or reported to any covered facility/location;
>
> (b) Whether the Defendant was an "employer" as defined by the WARN Act.
>
> (c) Whether Defendant, as an employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days of advance written notice;
>
> (d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.
>
> (e) Whether the Defendant may rely on the WARN Acts "unforeseeable business circumstances" defense, the "faltering company" defense, or some other defense.
>
> (f) Whether the Defendant may be entitled to any reduction in its liability for exercising "good faith" in its conduct of these terminations and failure to give proper notice.

**CAUSE OF ACTION & CLAIM FOR RELIEF:**
**VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et. seq*.**

26. At all relevant times, the Defendant, employed 100 or more employees (exclusive of part-time workers). Alternatively, it employed 100 or more employees that (in the aggregate) worked 4,000 or more hours per week, exclusive of hours of overtime within the United States as defined by the WARN Act, and it employed more than 50 employees at each the Hazleton facility.

27. On or about October 22, 2021, Defendants, as a single employer, ordered the "mass layoff" and/or "plant closing" of one or more of the facilities as those terms are defined by 29 U.S.C. § 2101(a).

28. The Plaintiff and the Class Members who were terminated by Defendant as a result of Defendant's ordering the mass layoff and/or plant closing at these facilities on or about

October 22, 2021 were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

29. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

30. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees, as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

31. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 *et. seq.*, Defendant was required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

32. Defendant failed to provide at least sixty (60) days' prior notice before terminating the Class Members, and it failed to provide a notice or notices setting forth the basis for this reduced notice, as required by the WARN Act.

33. The Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

34. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Class Members damaged in an amount equal to the sum of the Class Members unpaid wages, PTO, accrued holiday pay, accrued vacation pay, accrued sick

leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their terminations.

## JURY DEMAND

35. On behalf of himself, and a class of the Similarly Situated Employees, Plaintiff demands a trial by jury in this case.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendant as follows:

> a. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;
>
> b. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;
>
> c. An amount equal to the sum of accrued but unpaid vacation as of the termination date of Plaintiff and the Class Members;
>
> d. Interest as allowed by law on the amounts owed per the preceding paragraphs;
>
> e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;
>
> f. Appointment of the undersigned attorneys as Class Counsel;
>
> g. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);
>
> and
>
> h. Such other and further relief as this Court may deem just and proper.

Dated: October 26, 2021

                                            By: /s/ James E. Huggett
**MARGOLIS EDELSTEIN**
Michael Miller, Esq. (# 306904)
The Curtis Center, 4th Floor
6th and Walnut Streets
Philadelphia, PA 19106

*and*

**MARGOLIS EDELSTEIN**
James E. Huggett (#3956)
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

*Counsel to Plaintiff and to the Putative Class*