# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD JANKOWSKI, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 21-1833 |
| v. | : | (JUDGE MANNION) |
| DBi Services, LLC, | : | |
| Defendant. | : | |

## MEMORANDUM

Presently before the court is plaintiff, Leonard Jankowski's, unopposed motion to certify class, (Doc. 15). The plaintiff has filed a brief in support, (Doc. 17), and additional exhibits in support of his motion, (Doc. 15-2). Defendant, DBi Services, LLC, ("DBi") initially appeared in this matter, but have since failed to respond to any pending motions.

## I. Factual Background

On October 27, 2021, Jankowski filed the present class action against DBi based upon violations of the Worker Adjustment and Retraining Notification Act ("WARN Act"). Jankowski alleges that on or about October 22, 2021 he and fellow class members were terminated without cause on their part based upon a mass layoff and/or plant closing as defined by the WARN Act.

The WARN Act bars an employer with 100 of more employees from ordering a plant closing or mass layoff without providing at least sixty days of advance written notice with specific information provided to each employee that will be part of, or is reasonably foreseeable to be part of, the plant closing or mass layoff. See 29 U.S.C. §§2101(a); 2102(a)(1) and (d); 20 C.F.R. §§639.3-639.8.

Thus, Jankowski alleges he and similarly situated employees did not receive proper notice as required by the WARN Act prior to the plant closings or mass layoff. As such, they assert damages for their wages and ERISA benefits for the sixty days they did not receive notice.

On October 25, 2022, Jankowski filed the present motion to certify the class. (Doc. 15).

## II. STANDARD OF REVIEW

The plaintiff bears the burden to demonstrate that a class action is the proper vehicle for a lawsuit. Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 354 (3d Cir. 2013) (citing Comcast Corp., v. Behrend, U.S., 133 S.Ct. 1426 (2013)). To obtain class certification, plaintiff must satisfy all four factors of Rule 23(a) and at least one requirement of Rule 23(b). Baby Neal for & by

Kanter v. Casey, 43 F.3d 48, 55 (3d Cir. 1994). Under Rule 23(a), the party seeking certification must demonstrate:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011). The plaintiffs must also satisfy one of the Rule 23(b) requirements. Relevant here, Rule 23(b)(3) is satisfied when "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 615 (1997). Rule 23(b)(3) also contains a non-exhaustive list of factors relevant to a court's examination of predominance and superiority:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Id. at 616.

- 3 -

## III.   DISCUSSION

### a. Class Definition

To certify a class action, the court must ensure "the text of the order or an incorporated opinion must include (1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of the claims, issues, or defenses to be treated on a class basis." Wachtel v. Guardian Life Ins. Co., 453 F.3d 179, 187 (3d Cir. 2006).[1] The defined class is:

> All former employees nominally employed by Defendant, who worked at or reported to any United States facility, operated by Defendant, including but not limited to those located at: 8 West Broad Street, Suite 216, Hazleton, PA 18201; 100 North Conahan Drive, Hazleton, PA, 18201; 6209 Bowdendale Avenue, Jacksonville, FL 32216; 900 Shady Lane #B, Kissimmee, FL 34744; 7940 Gainsford Ct, Bristow, VA 20136; 4723 Pinemont Drive, Houston, TX 77092; 1601 Capital Avenue, Plano, TX 75074; 1801 Webber Street, Lufkin, TX 75904; 7442 Shipley Avenue, Harmans, MD 21077; 137 East Williams Street, Albert Lea, MN 56007 (each a "Facility" and collectively, the "Facilities"), where 50 or more employees, excluding part-time employees (as defined under the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101 – 2109 and 29 C.F.R. §639.3) were terminated without cause on their part on or about October 22, 2021, or within ninety days of that date or thereafter as part of, or as the reasonably expected consequence of, an alleged mass layoff and/or plant closing (as defined by the WARN Act) at the Facilities and who do not file a timely request to opt-out of the class (the "Class").

---

[1] A complete list of claims, issues, or defenses will be addressed throughout this opinion.

(Doc. 15-1, p.6-7). The proposed class definition sets forth readily discernible, clear, and precise parameters for determining class membership.

### b. Rule 23(a) Factors

#### i. Numerosity, Commonality, and Typicality

Rule 23(a)(1) requires that "the class [be] so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). The class here satisfies the numerosity requirement since it includes approximately 328 individuals based upon plaintiff's incomplete list of employees. With more employees to be identified through DBi records, the numerosity requirement will only be further satisfied, and therefore joinder of all these plaintiffs would be impractical.

As to commonality, Rule 23(a)(2) requires that class members' claims share common questions of law or common questions of fact. "The standard is not stringent; only one common question is required." In re Nat. Football League Players' Concussion Injury Litigation, 307 F.R.D. 351, 371 (E.D. Pa. 2015), aff'd, 821 F.3d 410 (3d Cir. 2016); see also Rodriguez v. National City Bank, 726 F.3d 372, 382 (3d Cir. 2013) (concluding the bar commonality sets "is not a high one"); In re Prudential Ins. Co. of Am. Sales Practice Litig., 148 F.3d 283, 310 (3d Cir.1998) (holding this factor is satisfied "if the named

plaintiffs share at least one question of fact or law" with the prospective class (internal quotation marks omitted)). To satisfy commonality, class claims "must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal–Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011).

Here, there are factual issues common to all class members regarding whether DBi failed to satisfy the requirements of the WARN Act prior to ceasing operations. Plaintiff explains that a common core of legal issues that relate to all class members includes:

> (a) whether Defendant was a "single employer"; (b) whether Defendant employed more than 100 employees; (c) whether all the Class members are protected by the WARN Act; (d) whether the Class Members were employees of Defendant who worked at or reported to the Facilities until their terminations without cause on their part, on or about October 22, 2021, or within ninety days of that date or thereafter as part of, or as the reasonably expected consequence of, an alleged mass layoff and/or plant closing (as defined by the WARN Act) at the Facilities; (e) whether 50 or more employees, exclusive of part-time employees, were terminated from each of the Facilities during the relevant time period; (f) whether the Class members were "affected employees," (g) whether the Class members were "aggrieved employees"; (h) whether Defendant terminated the employment of the Class members without giving them the requisite WARN Notice; and (i) whether Defendant failed to pay the Class members 60 days' wages and benefits.

(Doc. 17, p.9-10).

Finally, Rule 23(a)(3) requires that the class representative's claims be typical of the class members' claims such that "the action can be efficiently maintained" and the class representatives have incentives that align with the class members. Baby Neal v. Casey, 43 F.3d 48, 57 (3d Cir. 1994).

The Third Circuit has "set a low threshold for satisfying" the typicality requirement. Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 183 (3d Cir. 2001). "Even relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." Prudential, 148 F.3d at 311 (internal quotation marks omitted); see also In re Warfarin Sodium Antitrust Litigation, 391 F.3d 516, 532 (3d Cir. 2004) (finding no abuse of discretion in a finding that the typicality requirement was satisfied where the claims of the representative plaintiffs arose "from the same alleged wrongful conduct . . . [and] the same general legal theories").

Here, Jankowski's claims are typical of other class members as he was an employee of DBi that did not receive the proper notification prior to DBi ceasing operations. This is the very claim other class members assert against DBi. As such, typicality of the class representative's claim is satisfied.

- 7 -

### ii. Adequacy of Representation

With regard to the adequacy of representation, the court finds that both the proposed class representatives and class counsel satisfy this requirement.

### 1. Class Representative

"[T]he linchpin of the adequacy requirement is the alignment of interests and incentives between the representative plaintiffs and the rest of the class." Dewey v. Volkswagen Aktiengesellschaft, 681 F.3d 170, 183 (3d Cir. 2012). "The purpose of the adequacy requirement is to identify intra-class conflicts that may prevent the representative plaintiffs from adequately representing the entire class." In re Comcast Set-Top Cable Television Box Antitrust Litigation, 333 F.R.D. 364, 376 (E.D. Pa. 2019). But, "[o]nly a fundamental intra-class conflict will violate Rule 23(a)(4)." Id.

"A fundamental conflict exists where some [class] members claim to have been harmed by the same conduct that benefitted other members of the class." Dewey, 681 F.3d at 184. Alternatively, "[a] conflict concerning the allocation of remedies amongst class members with competing interests can be fundamental." Id. Thus, in determining whether representative plaintiffs may adequately represent the class, a court must address: "(1) whether an

intra-class conflict exists; and if so, (2) whether that conflict is 'fundamental.'" Id.

The class representative is Leonard Jankowski. Jankowski was employed as a Senior Application Developer at the Hazelton, Pennsylvania office of DBi Services. (Doc. 15-2). Jankowski does not have an interest antagonistic to the interests of the prospective class. The court finds that the class members' interests are adequately represented by Jankowski. There is no conflict between Jankowski and other members of the class because they assert the same claims based upon the defendant's identical conduct.

## 2. Class Counsel

"Class counsel must fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(g)(4). In considering the adequacy of class counsel, courts must assure that class counsel is (1) competent, (2) experienced in class action litigation, and (3) vigorously represents the interests of the class. Prudential, 148 F.3d at 313. Next, the court must ensure there is no conflict of interest between the named representatives and the rest of the class. Id. at 312.

The court is satisfied that class counsel will fairly and adequately represent the interests of the class pursuant to Rule 23(a)(4). The class is

represented by Michael R. Miller and James Huggett of the law firm Margolis Edelstein.

Michael R. Miller of the law firm Margolis Edelstein provided a declaration to the court. (Doc. 15-2). James Huggett has been certified as national class counsel in approximately 90 WARN Act matters. (Doc. 15-2, p.19). Michael R. Miller has also served as class counsel in WARN Act cases as well. In reviewing the declaration, the court is satisfied that the attorneys in this action have diligently investigated the claims and have experience in handling class action litigation, as well as knowledge of applicable laws, and, thus, they are able to fairly and adequately represent the interests of the class. Fed.R.Civ.P. 23(a)(4).

### iii. Rule 23(b)(3)

Under Rule 23, the court must find that one of three grounds justifying this class action. Here, the parties rely on Rule 23(b)(3), which applies when (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) when "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). Rule 23(b)(3) also contains a non-exhaustive list of factors relevant to a court's examination of predominance and superiority:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Id. at 616.

Another requirement when seeking certification of a class under Rule 23(b)(3) is that the class is currently and readily ascertainable based on objective criteria. Hayes v. Wal-Mart Stores, Inc., 725 F.3d 349, 354 (3d Cir. 2013). Ascertainability requires two elements: "(1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.'" City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc., 867 F.3d 434, 439 (3d Cir. 2017) (citing Byrd v. Aaron's Inc., 784 F.3d 154, 163 (3d Cir. 2015)).

The "predominance inquiry" tests "whether the defendant's conduct was common as to all of the class members, and whether all of the class members were harmed by the defendant's conduct." Sullivan v. DB Investments, Inc., 667 F.3d 273, 298 (3d Cir. 2011). Furthermore, the Third Circuit explained, "'Predominance under Rule 23(b)(3) cannot be reduced to a mechanical, single-issue test'"; rather, "'[a]s long as a sufficient

constellation of common issues binds class members together, variations in the sources and application'" of applicable laws will not foreclose" the commonality of the class. Id. at 301 (quoting In re Linderboard Antitrust Litig., 305 F.3d 145, 162-63 (3d Cir. 2002).

Predominance is present as Jankowski's and class members' claims involve the same legal theory and are based on the same violations of the WARN Act. Sullivan, 667 F.3d at 301. The proposed class worked for the defendant company, were terminated as part of a shutdown or mass layoff, and had the same rights under the WARN Act. Therefore, common issues of the class predominate over individual issues.

Treatment of this matter as a class action is superior to resolution through hundreds of separate, individual proceedings. Class treatment enhances judicial efficiency and will likely maximize recovery. There is no evidence that potential class members have already commenced any litigation on these claims. Furthermore, the claims sought by class members are too small (less than $13,000) to pursue litigating on an individual basis. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985); see also Amchem, 521 U.S. at 617. Additionally, the difficulties of managing the class action are few because the class can be easily identified by business records, the defendant's liability can be easily calculated based upon the sixty-day failure

- 12 -

to provide notice, and there is a centralized course of conduct to determine defendant's liability.

Lastly, while plaintiff's brief does not mention the magic word of "ascertainability," the two elements are met in this case. First, an objective criterion is used as a reference point to determine class members. The class definition lays out the applicable facilities, the number of employees required at each facility, excludes part-time employees as defined in the WARN Act, and provides a particular date for the termination to have occurred on or about. See Heinz v. Dubell Lumber Co., No. CV 19-8778 (RBK/KMW), 2020 WL 6938351, at *4 (D.N.J. Nov. 25, 2020) (citing City Select Auto Sales Inc., 867 F.3d at 441) ("[A] plaintiff does not need to establish an objective way of determining class membership at the certification stage, only that there is 'objective criteria' for class membership"). Second, plaintiff establishes a reliable and administratively feasible mechanism to determine class membership. Plaintiff need only show that "class members *can* be identified." Byrd, 784 F.3d at 163. Jankowski has submitted an incomplete list of employees and further stated that the records of DBi will provide a reliable and feasible means to determine class membership. (Doc. 15-2, ¶13). Therefore, the class meets both requirements of ascertainability.

### c. Class Notice

Rule 23(c)(2)(B) provides the notice requirements for a Rule 23(b)(3) class. These requirements are that the notice:

> [C]learly and concisely state in plain, easily understood language:
>
>     (i) the nature of the action;
>     (ii) the definition of the class certified;
>     (iii) the class claims, issues, or defenses;
>     (iv) that a class member may enter an appearance through an attorney if the member so desires;
>     (v) that the court will exclude from the class any member who requests exclusion;
>     (vi) the time and manner for requesting exclusion; and
>     (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed.R.Civ.P. 23(c)(2)(B). Here, the proposed class notice will meet the requirements under Rule 23(c)(2)(B) once the notice is updated to reflect the proper year.

## IV.  Conclusion

Plaintiffs have demonstrated that the proposed class, as defined herein, satisfies all of the Rule 23(a) factors and meets the requirements of Rule 23(b)(3). Thus, class certification is appropriate.

An appropriate order will follow.

_____
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 12, 2023**
21-1833-01