

**Michael R. Miller, Esquire**
**Direct Dial:  215-931-5808**
mmiller@margolisedelstein.com

File No. 84427.6-00001

ATTORNEYS AT LAW
www.margolisedelstein.com

**PHILADELPHIA OFFICE:***
**The Curtis Center**
**170 S. Independence Mall W.**
**Suite 400E**
**Philadelphia, PA 19106-3337**
**215-922-1100**
**Fax:  215-922-1772**
_____

HARRISBURG OFFICE:*
214 Senate Avenue, Suite 402
Camp Hill, PA 17011
717-975-8114

PITTSBURGH OFFICE:
535 Smithfield Street
Suite 1100
Pittsburgh, PA 15222
412-281-4256

WESTERN PA OFFICE:
971 Third Street
Beaver, PA  15009
724-774-6000

SCRANTON OFFICE:*
220 Penn Avenue
Suite 305
Scranton, PA 18503
570-342-4231

CENTRAL PA OFFICE:
P.O. Box 628
Hollidaysburg, PA 16648
814-695-5064

SOUTH NEW JERSEY OFFICE:*
100 Century Parkway, Suite 200
P.O. Box 5084
Mt. Laurel, NJ 08054
856-727-6000

NORTH NEW JERSEY OFFICE:
Connell Corporate Center
400 Connell Drive
Suite 5400
Berkeley Heights, NJ 07922
908-790-1401

DELAWARE OFFICE:
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
302-888-1112

*Member of the Harmonie Group*

November 25, 2024

Via Electronic Filing
Honorable Judge Joseph F Saporito
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

Re: ***Jankowski v. DBi Services, LLC***
***Middle District of Pennsylvania Case No: 3:21-cv-01833-MEM***

Dear Honorable Judge Saporito

      Our firm represents the Plaintiff(s) in the above-noted civil action. The Defendant is DBI Services, LLC ("DBI"). This is an FRCP Rule 23 class-action suit under the WARN Act – a federal and state labor law that, among other things (i) requires companies meeting certain workforce-size requirements to provide at least sixty (60) days' notice before large-scale employee termination and/or plant closings, and (ii) sets the consequences to the employer for failing to give such notice.

      We filed our suit on October 27, 2021. Thereafter, in August of 2023, creditors filed an involuntary bankruptcy petition against DBI in the Northern District of Texas, Case No. 23-31868 (SGJ). That Court entered an Order for Relief on December 21, 2023 (docket no. 64).  This means that DBI is officially a Debtor in (chapter 7) bankruptcy. The case in Texas remains open and active. But, as a chapter 7, the case is simply a liquidation proceeding. DBI will not be reorganized and come back to life.

      We were given no notice of – and until fairly recently were entirely unaware of – DBI's bankruptcy case. That case matters a great deal for our pending case: it means our client/class members are (i) holders of pre-petition claims in the bankruptcy case and (ii) barred by the automatic stay of Bankruptcy Code section 362(a) from taking affirmative steps to liquidate/adjudicate/collect on such claims – in this or any Court/tribunal.

While we've taken no such action, we did (as is standard and required by FRCP Rule 23) file a motion for class certification in this Court on October 25, 2022 (C.A. docket no. 15), which was granted by Order dated July 13, 2023 (C.A. docket no. 24). Aside from this activity, the docket has been mostly dormant, and—given the DBI bankruptcy—properly so.

Further, our research and communications with various parties – including counsel to DBI – indicate that (a) before we filed suit, the company turned over all or substantially all of its assets to a senior secured lender, leaving no prospect of recovery for DBI's unsecured creditors (our client and class members are in this group) or equity holders, and (b) essentially all management had left the operation. By the end, it was nothing more than a shell, a failed and empty business. The lawyer in our firm who commonly files WARN Act class-action cases reports that, unfortunately, this is a fairly common outcome, since companies that terminate large numbers of employees or close whole plants on short or no notice are usually in serious financial distress.

**Given (a) and (b) above, and in light of DBI's bankruptcy, we respectfully submit it is time to close this civil action.** There has been no Answer, motion, or appearance filed on the docket by anyone in this civil action, so there is no one to oppose our request.

The rules for voluntarily dismissing a class action *after* class certification are in FRCP 23(e). First, this Court's approval is required. Second, we must provide this Court with sufficient information so it can decide whether a special notice to the class members of the dismissal should be issued.

Here, we respectfully submit that there is no good cause to send a special notice to class members for two (2) reasons:

First, while we are asking the Court to dismiss this matter, we don't believe that it is a 'proposal' that 'binds' the class members (see Rule 23(e)(2)). All workers in our class are fully entitled to file their claims in the DBI bankruptcy case. All of them are entitled to file a class-action Adversary Proceeding in that bankruptcy case seeking to represent a class, and we intend to file our own class proof of claim in that bankruptcy case as well (none of *these* violates the automatic stay). Dismissal here should (we propose) be *without prejudice*, so that if circumstances materially change (for example, if DBI's bankruptcy case is dismissed and somehow someone discovers there is a real prospect of meaningful recovery from DBI—contrary to all we've seen), our client and class members (or anyone else with standing) can file a new individual and/or class-action suit against DBI in whatever Court, including this one, that might have jurisdiction.

Second, we'd have a glaring and much more practical problem trying to get a special notice of this dismissal to all class members—we don't have any of their names, addresses, or contact information. Again, this company collapsed and went totally out of business in very short order. All or substantially all employees were let go; we're advised a small "skeleton crew" stayed around DBI for a short time to ensure security, cleanup of property, etc., but otherwise all management people were long gone by the time of our suit. The result: there was and is no way for us to get the names and relevant contact information for the class members – which may number hundreds of workers.

For these reasons, and under the circumstances (specifically that the Defendant is bankrupt and further pursuit of our case is barred by the automatic stay), we respectfully submit that (i) this Court should accept our voluntary dismissal of this case and (ii) no special notice need go out to class members of the same.

A proposed form of Order is attached to this letter. We thank the Court for its time and attention. We remain available should the Court have any questions or concerns.

> Respectfully submitted,
> **MARGOLIS EDELSTEIN**
>
> /s/ Michael R. Miller
> Michael R. Miller, Esquire
>
> /s/ James E. Huggett
> James E. Huggett, Esquire